UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLANNE JOHNSON,

    Plaintiff,

vs.                                                        Case No. 17-13202

BIG LOTS STORES, INC.,                 HON. AVERN COHN

    Defendant.
_____/

## MEMORANDUM AND ORDER
## DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 4)[1]

### I. Introduction

This is a tort case. Plaintiff Carolanne Johnson is suing defendant Big Lots Stores, Inc. (Big Lots) claiming that Big Lots was negligent when an employee struck Johnson with a cart, injuring her ankle while she was shopping at a Big Lots store.

Before the Court is Johnson's motion to remand on the grounds that the motion is untimely and Big Lots waived the right to remove. For the reasons that follow, the motion is DENIED.

### II. Background

On October 27, 2016, Johnson filed a complaint in Wayne County Circuit Court. Johnson sought damages for "permanent injuries, which injuries have caused her pain, suffering, disability and mental anguish and will in the future cause to suffer from the

---

[1] Although the Court originally scheduled this matter for hearing, upon review of the parties' papers, the Court deems these matters appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

same." Johnson plead in excess of $25,000; the jurisdictional threshold.

On February 14, 2017, Big Lots served its First Set of Interrogatories and Requests for Production of Documents on Johnson. The discovery requests sought information related to Johnson's medical expenses, lost wages, and alleged damages. In response, Johnson identified medical expenses and lost wages in the amount of $15,570.72. Further, in response to Interrogatory No. 8, in which Big Lots specifically requested that Johnson "provide an accounting demonstrating the amount of ... alleged damages." Johnson responded that they would be "provided as discovery progresses." During Johnson's deposition, Big Lots asked Johnson if there is "a specific dollar amount of damages" that she was seeking. Johnson's counsel interrupted, and said that they "were not prepared to give that today."

Big Lots eventually filed a motion to compel. The state court granted the motion and directed Johnson to provide additional discovery responses. Johnson provided supplemental responses. Again in response to Interrogatory No. 8 regarding damages, Johnson stated that an accounting of her alleged damages would be "provided as discovery progresses." Discovery closed on September 26, 2017 and no further response was provided.

The case was eventually submitted to Michigan's case evaluation process under M.C.R. 2.403 which provides for mandatory case evaluation in tort cases. See M.C.R. 2.403(A)(2). A case evaluation hearing was scheduled for September 26, 2017. The parties were directed to submit case evaluation summaries by September 12, 2017. Big Lots submitted a timely summary. Johnson, however, did not submit her case evaluation summary until September 25, thirteen days late and the day before the

2

scheduled evaluation hearing. In her case evaluation summary, Johnson claimed damages in the amount of $850,000, and further stated that she would seek $975,000 in damages if Big Lots refused to admit liability.

Big Lots participated in the case evaluation proceedings. The panel valued Johnson's claim in the amount of $600,000. Big Lots rejected the evaluation.

Four days after receiving Johnson's case evaluation summary and three days after the case evaluation proceedings, on September 29, 2017, Big Lots removed the case to federal court on the grounds of diversity.

### III. Legal Standard

A defendant in a civil action brought in state court may remove the action to federal court, provided that the federal court has original jurisdiction. 28 U.S.C. § 1441(a). The federal court has original diversity jurisdiction when the matter is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

A case shall be removed within 30 days after the receipt by the defendant of copy of the initial pleading setting forth the claim for relief upon which the action is based. 28 U.S.C. § 1446(b)(1). However, when removal is not ascertainable from the original petition, but in the course of state court litigation it becomes apparent that the case is removable to federal court, the party may file a "notice of removal within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28. U.S.C. §1446(b)(3).
A case becomes removable if the plaintiff performs a voluntary act which effects a

change rendering a case subject to removal by the defendant which had not been removable before the change. McCraw v. Lyons, 863 F. Supp. 430, 433 n.5 (W.D. Ky. 1994) citing DeBry. et.al., v. Transamerica Corporation, 601 F.2d 480, 486-88 (10th Cir. 1979).

IV. Discussion

A.

As an initial matter, the parties do not dispute that they are diverse citizens. Big Lots is incorporated and has its principal place of business in Ohio and Johnson is a citizen of Michigan. The parties also do not dispute that Johnson seeks damages in excess of $75,000. The question is when Big Lots became aware of Johnson's claimed damage amount and whether Big Lots waived its right to remove.

B.

Here, Big Lots says that it was unaware of Johnson's damage amount until it received the case evaluation summary. Johnson says that Big Lots should have known her damages exceeded $75,000 after taking the deposition of Dr. Michael Callan and when it received Johnson's medical records.

Big Lots has the better view. Contrary to Johnson's argument, Dr. Callan's deposition did not unambiguously demonstrate that the amount in controversy exceeded $75,000. Even assuming that deposition testimony or medical records could be considered "papers" for purposes of removal, Dr. Callan did not provide any testimony related to the value of Johnson's injuries. As to Johnson's medical records, it was not incumbent upon Big Lots to determine that Johnson suffered an injury in excess of $75,000 when reviewing the medical records.

4

Rather, it is clear that Big Lots did not have specific notice that Johnson was seeking damages in excess of $75,000 until it received Johnson's case evaluation summary. Prior to that time, Johnson had only claimed economic damages of approximately $15,000 and repeatedly said that additional damage information would be provided. No additional information was provided. The case evaluation summary was the first time in the record that Johnson marshaled her evidence of damages and argued for an amount in excess of $75,000.

As Big Lots points out, courts have noted that a case evaluation summary is a "paper" on which a defendant can rely to support removal. See Tesser v. Provident Life & Accident Ins. Co., 2011 U.S. Dist. LEXIS 45797, at *2 (E.D. Mich. 2011) (stating, in dicta, that the "Plaintiff's case evaluation summary qualifies" as a "paper from which it may first be ascertained that the case is one which is or has become removable."). See also Santos-Tiller v. Krispy Kreme Doughnut Co., 2016 U.S. Dist. LEXIS 112786 (E.D. Mich. 2016) (six months after complaint was filed plaintiff emailed defendant a settlement offer of $117,500; defendant's removal within 30 days thereafter was timely).

In short, the case evaluation summary which Big Lots received on September 25, 2017, was the first "paper" Big Lots received by which it could determine that the case was removable. Big Lots submitted its Notice of Removal four days later on September 29, 2017. Therefore, Big Lots' Notice of Removal was timely.

C.

Johnson also argues that Big Lots waived the right to remove because it participated in the case evaluation proceedings. A defendant may waive his right to remove an action to federal court by indicating that he has submitted to the jurisdiction

5

of the state court, that waiver must be "clear and unequivocal."  McKinnon v. Doctor's Assocs., Inc., 769 F. Supp. 216, 217 (E.D. Mich. 1991); Queen v. Dobson Power Line Const. Co., 414 F. Supp. 2d 676, 678-79 (E.D. Ky. 2006) (a "defendant may waive the right to remove by taking actions in state court, after it is apparent that the case is removable, that manifest the defendant's intent to have the cased adjudicated in state court").

Here, Big Lots did not take any affirmative steps in state court that would waive its right to removal by virtue of attending the case evaluation hearing.  Cases where waiver has been found generally involve the submission of some type of dispositive motion or the filing of a cross claim or permissive counterclaim.  See Bolivar Sand v. Allied Equipt., Inc., 631 F. Supp. 171, 173 (W.D. Tenn. 1986) (defendant waived right to remove by filing a motion for directed verdict).  Big Lots did not file a counterclaim or cross claim and has not submitted a dispositive motion.  Case evaluation hearings are not dispositive.  If a party objects to an evaluation, the case proceeds in the normal fashion.  See M.C.R. 2.403(N)(1).  Big Lots' participation in the case evaluation hearing was down with the intent to preserve the "status quo" of the case, not to dispose of the matter.  See Whitten v. Michelin Ams. Research & Dev. Corp., 2006 U.S. Dist. LEXIS 37984, at *10-11 (actions taken to preserve the "status quo" are not acts that waive a defendant's right to removal).  As such, Big Lots did not waive its right to remove the case.

D.

The Court is constrained to note that Johnson submitted her case evaluation summary late and on the eve of the case evaluation hearing.  As Big Lots explains, had

6

Johnson timely submitted her case evaluation summary, Big Lots would have had ample time to inform the panel, which consisted of two attorneys and a former judge, it would not be participating in the hearing.  Faced with damage information on less than twenty-four (24) hours' notice before the case evaluation hearing, Big Lots acted appropriately in participating.

Although the state court discovery deadline has passed, in light of Johnson's belated revelation of damages, Big Lots shall advise the Court within ten (10) days of this order as to whether it requires additional discovery and, if so, specify the discovery it requires.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: December 5, 2017
Detroit, Michigan